[No. 2424.]

FITZHUGH v. NICHOLAS.

1. Change of Venue—Discretion—Appellate Practice.

The granting or refusing a motion for change of venue on the ground of prejudice of the inhabitants is within the sound discretion of the trial court and will not be reviewed unless it clearly appears that there was an abuse of such discretion.

2. Change of Venue—Notice.

It would be error to grant a change of venue of an action

without reasonable notice of the application for the change having been given the adverse party or his attorney.

**3.    Juries—Verdicts—Instructions.**

Where a jury of six returned a unanimous verdict, an erroneous instruction which told the jury that five of their number might return a verdict, was not prejudicial.

*Appeal from the County Court of El Paso County.*

Mr. GEO. Q. RICHMOND, for appellant.

Messrs. ORR & McKESSON, for appellee.

Mr. A. M. NICHOLAS, *pro se.*

MAXWELL, J.

Appellant, defendant below, moved for a change of venue because of the prejudice of the inhabitants of the county, and supported the motion by her affidavit, to the effect that she had reason to believe and did believe that the inhabitants of El Paso county were so prejudiced against her that she could not secure a fair and impartial trial in such county; that such belief was based upon information derived from prominent citizens of said county and from several attorneys who had represented her in other litigations; that she had made diligent inquiry among the people of the county and had been advised that it was the general opinion of a large number of the inhabitants of the county that she would not and could not receive a fair and impartial trial before any jury selected from the inhabitants of the county.

The motion for change of venue was denied and error is assigned thereon.

The granting or refusing motions of this character is within the sound discretion of the trial court and will not be reviewed unless it clearly appears that there was abuse of this discretion.

Sec. 30 Mills' Ann. Code, under which this motion was made, requires reasonable notice of the

application for the change of venue to be given the adverse party or his attorney.

This was not done.

In the absence of such notice, it would have been error to have granted a change of venue.

No error was committed in denying the motion.

Trial to a jury of six resulted in a unanimous verdict against appellant, upon which judgment was rendered.

The court instructed the jury that a verdict might be returned by not less than five of their number agreeing thereto, in which event each juror agreeing to the verdict should subscribe his name thereto.

Error is assigned upon the giving of this instruction.

This court has ruled, in *Adams Express Co. v. Aldridge, ante,* 74, that such an instruction in the face of a unanimous verdict does not constitute reversible error.

See, also, *First National Bank v. Foster,* 9 Wyo. 157, 63 Pac. 1056.

There being no error in the record, the judgment will be affirmed.                                *Affirmed.*